## FRANCISCO ECIJA *v.* PAAUHAU SUGAR PLANTATION COMPANY.

## No. 1321.

RESERVED QUESTIONS FROM CIRCUIT COURT FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

SUBMITTED APRIL 12, 1921.                    DECIDED APRIL 15, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF EDINGS, J., ABSENT.

LANDLORD AND TENANT—*eviction—master and servant.*

> The relation of the servant was not that of tenant to the landlord where he occupied a house on the premises of his employer as merely incidental to his hiring and his right to the use of the premises ceased when his employment ceased.

SAME—*same—same—trespass.*

> The servant by refusing to quit the premises after the termination of his employment became a trespasser upon the property of the defendant and he cannot maintain an action in trespass against his employer for removing his effects from the dwelling.

OPINION OF THE COURT BY COKE, C. J.

This is an action in trespass brought by the plaintiff against the defendant corporation for damages for the alleged eviction of plaintiff by the defendant from a dwelling-house owned by the defendant and situated at Paauhau, County of Hawaii. The case was tried before a jury and at the close of the introduction of evidence on behalf of the plaintiff the defendant moved for a directed verdict upon a number of grounds, which for the sake of brevity may be summarized as follows: That the plaintiff failed to prove a tenancy of any kind or the existence of the relation of landlord and tenant between himself and the defendant and that it affirmatively appeared from the

evidence that the only relation between the parties was that of master and servant. The trial court reserved to this court three questions as follows:

"1.   Is the evidence above outlined sufficient to warrant a verdict against the defendant?

"2.   Does the evidence above set forth sufficiently show the existence of the relation of landlord and tenant between the defendant and the plaintiff to require summary proceedings and the judgment of a court of law before the right of eviction attaches?

"3.   Should this court grant said motion for a directed verdict upon one or more of the seven grounds therein alleged?"

The undisputed facts as divulged by the record and agreed upon by stipulation between the parties are as follows:   That the plaintiff was employed by the defendant on its sugar plantation as a field laborer; that at the time of his employment the plaintiff was assigned to a house for the use of himself and family without any special contract as to the term of its occupancy; that he was to occupy the building free of charge and without any deduction from his wages on account of the rent on the same; that the occupancy of said dwelling by the plaintiff was incident to his employment; that some months after his employment plaintiff was discharged by the defendant for alleged cause and was notified to quit and surrender possession of the dwelling-house; that he refused to do so and was on several subsequent occasions notified to leave the premises.   After persistent refusal to quit the premises and a lapse of a considerable period of time the defendant caused the household goods and effects of the plaintiff to be removed from the dwelling.

The principle of law underlying the questions reserved, and by which they must be determined, is one with which text writers and courts have dealt with an unusual degree of harmony.   But strange to say the subject has

not heretofore had the attention of the courts of this jurisdiction although it involves a principle of considerable practical importance. Mr. Underhill in his work on Landlord & Tenant, Sec. 210 and succeeding sections, treats of the subject exhaustively. He says:

"The necessity of determining the relations of the parties to a contract of hiring may arise where the servant occupies premises belonging to the master. The inquiry may then be, is the servant a servant only or is he also a tenant with all the rights of a tenant. The matter is always one of intention to be determined upon the facts and circumstances of each particular case. * * * In determining whether a contract is a lease or one of hiring, it must first be decided whether the principal object of the parties is to treat and arrange for the possession and occupation of the premises with an intent that the rent shall be paid in labor by the occupant as a tenant, so that the services are merely an incident of the renting; or whether the principal purpose of the parties was to supply and procure labor, and the possession and occupation of the premises were incidental to the labor. This is a question of law for the court to be decided upon the terms of the contract and all the circumstances of the parties as they may be determined by the jury, with particular relation to the character of the services which were to be rendered. If the principal subject of the contract is labor, if that was what the owner of the land was desirous of securing and the occupant of supplying, then it is a hiring and not a lease, and the occupation is the occupation of a servant or agent and not that of a tenant. For the occupancy of the premises by a servant where the purpose of the occupancy is merely to enable the servant the better and more conveniently to perform his services, does not create the relation of landlord and tenant, particularly where there is no letting in express terms and no rent is reserved in money. In other words, where the occupation of the premises is not the principal thing, but where it is merely an incident of the employment, and to give the occupant a better and fuller opportunity to perform the duties of his contract of employment, the occupant is a

servant and not a tenant. * * * If the use or occupation of the land be as a servant, the master still has possession inasmuch as possession by the servant is possession of the master.   As soon as the servant is discharged he becomes a trespasser as to the master if he remains on the land and must, on request, quit the premises.   He may, it has been held, be ejected by the master or at his direction and for that purpose such force may be used as is reasonably necessary.   And the right of the master to eject his discharged servant in no wise depends upon the answer to the question whether the servant was rightfully or wrongfully discharged.   It exists in the one case as well as in the other; the only remedy of the servant being found in an action against the master for damages for a breach of the contract of employment. * * * The question whether the occupant of premises owned by another is a servant or a tenant of the owner, may arise where the owner seeks to employ force to remove the goods of the occupant from the premises and the occupant has resisted force with force.   If the relation of master and servant exists between the occupant and the owner, it follows that the legal possession of the premises is in the owner and not in the servant and he would consequently have the legal right to remove the goods and furniture of the occupant therefrom."   See also Jones on Landlord & Tenant, Sec. 20; 16 R. C. L. p. 578 et seq.; *Kerrains* v. *People,* 60 N. Y. 221; *Lane* v. *Au Sable Electric Co.,* 181 Mich. 26.

A case bearing marked similarity to the one at bar is *Bowman* v. *Bradley,* 24 Atl. 1062, where it was held that where defendant in consideration of a stated price per day and house-rent employed plaintiff and family to operate his farm the possession of the house is incident to the employment and a termination of the latter also terminated the right to possess the house.

In the present case it is stipulated between the parties that the occupancy of the dwelling-house by the plaintiff was merely incidental to his employment and hence the case is brought squarely within the rules which fix the relationship between the parties as that of master and

servant and not of landlord and tenant. The plaintiff by refusing to quit the premises after the termination of his employment became a trespasser upon the property. of the defendant and it follows that he cannot maintain an action in trespass against the owner of the dwelling for the removal of plaintiff's effects therefrom. To hold otherwise would be to convert every domestic servant occupying any part of the premises of his or her employer into a tenant to be dispossessed only after statutory notice and then only by the process of a court of law.

Reserved questions numbers 1 and 2 are answered no, and reserved question number 3 is answered yes.

Plaintiff filed no brief.

*C. F. Parsons* for defendant.